United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARLAN DEAN GRAVES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 5:20-cv-01211-EJD<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S ORDER**<br><br>Re: Dkt. No. 22 |

This suit arises out of an alleged altercation between Plaintiff Harlan Dean Graves ("Plaintiff") and a security guard outside the Trader Joe's grocery store located at the Town and Country Village shopping center in Palo Alto, California, and Plaintiff's transfer, against his will, to his home by a Palo Alto police officer. Magistrate Judge Cousins screened Plaintiff's complaint under 28 U.S.C. § 1915(a). On March 3, 2020, Judge Cousins issued an "Order Granting IFP Application; Screening Complaint; Reassigning Case; Recommending Granting Leave to Amend" (hereinafter "Order"). Dkt. No. 12. Judge Cousins found some of Plaintiff's claims were sufficiently pleaded and others were not. Specifically, Judge Cousins found the following claims were sufficiently pleaded: false imprisonment against Forbes Security, Inc. ("Forbes Security"), the unnamed security guard employed by Forbes Security, and the Palo Alto Police Department; and civil battery against the unnamed security guard and Forbes Security. Judge Cousins found that the following claims were insufficiently pleaded: negligence against Forbes Security and Palo Alto Town and Country Village, Inc. ("Palo Alto Town and Country

Case No.: 5:20-cv-01211-EJD
ORDER ADOPTING MAGISTRATE JUDGE'S ORDER
1

Village"); and the section 1983 claim against the Palo Alto Police Department. Judge Cousins gave Plaintiff leave to file an amended complaint by March 31, 2020.

On March 6, 2020, Plaintiff, who is proceeding pro per, filed a timely Objection to the Order. Dkt No. 14. Plaintiff raises four arguments: (1) the IFP screening violates his right to a jury trial; (2) Plaintiff's "Premises Liability-Negligent Security" claim is sufficiently pleaded; (3) Plaintiff's section 1983 claim is sufficiently pleaded; and (4) "[i]ncreased factual background is likely achievable if future amendment is needed." Pl.'s Obj. 1-4.

Having conducted a *de novo* review of the Order and the pleadings in this matter, the Court finds that the Order is well reasoned and correct as a matter of law. The Court addresses each of Plaintiff's four arguments below. First, Plaintiff's contention that the IFP screening process is unconstitutional is without merit. *See e.g. Ariel v. Dao*, 275 F.3d 1081 (5th Cir. 2001) (holding that constitutional challenge to screening proceedings of § 1915 and 1915A was without merit); *see also Vanderberg v. Donaldson*, 2259 F.3d 1321, 1323 (11th Cir. 2001) (holding that § 1915(e)(2)(B)(ii) does not impinge upon an inmate's right of access to courts).

Second, the Court agrees with Judge Cousins that the "Premises Liability-Negligent Security" claim is insufficiently pleaded because it is unclear what the basis of the claim is. Plaintiff alleges that an unnamed security guard employed by Defendant Forbes Security pushed and shoved him. Compl. at 5. Plaintiff also alleges that Defendant Palo Alto Town and Country Village negligently hired Forbes Security. *Id.* at 12. There are also allegations that both Palo Alto Town and Country Village and Forbes Security had sufficient "control over property" to impose premises liability. *Id.* at 15. These varied allegations make it unclear whether Plaintiff is pursuing (1) a claim for battery under a vicarious liability theory, (2) a negligent hiring claim or (3) a premises liability claim.

In his Objection, Plaintiff explains that "[b]oth aforementioned defendants are being sued under a premise[s] liability negligent security theory as well as a negligent hiring on part of Palo Alto Town and Country Village, Inc." Obj. at 2. Plaintiff is directed to plead these theories as separate claims to give Defendants fair notice of the claims being asserted.

Case No.: 5:20-cv-01211-EJD
ORDER ADOPTING MAGISTRATE JUDGE'S ORDER
2

Third, the Court agrees with Judge Cousins that the section 1983 claim is insufficiently pleaded, in part. Plaintiff's section 1983 claim is based on two theories: (1) unlawful seizure and (2) unreasonable search. Judge Cousins concluded, and this Court agrees, that the unlawful seizure theory of the claim is sufficiently pleaded. The alleged seizure occurred at the Palo Alto Town and Country Village. Plaintiff was sitting on a bench when a Palo Alto Police Officer approached him, gave him a sobriety test (which he passed) and then forced Plaintiff into a police vehicle and transported him home.

The unreasonable search theory, however, is not sufficiently pleaded. The Complaint alleges that upon arriving at Plaintiff's residence, Plaintiff realized the Officer "would not be respecting [Plaintiff's] constitutional rights so [Plaintiff] ran into [his] front yard which is completely closed off with tall fences that you cannot see through or over. I then entered by home and locked the door." Compl. at 16. The Officer then entered Plaintiff's front yard, knocked on the front door and eventually left. *Id.* Judge Cousins concluded that these allegations were insufficient to support a plausible claim for an unconstitutional search because the Officer's alleged conduct fell within the so-called "knock and talk" exception to the warrant requirement, citing *U.S. v. Perea-Rey*, 680 F.3d 1179, 1188 (9th Cir. 2012). Under the "knock and talk" exception to the warrant requirement, a law enforcement officer may encroach upon the curtilage of a home "to initiate consensual contact with the occupants of the home." *Id.*

In his Objection, Plaintiff essentially argues that the "knock and talk" exception is inapplicable because he was unlawfully detained until he ran into his home, and therefore the Officer's subsequent entry onto the curtilage of Plaintiff's residence cannot be justified as an attempt to initiate consensual contact with Plaintiff. Pl.'s Obj. at 3. It is unclear from Plaintiff's complaint, however, whether this is the basis of Plaintiff's unlawful search claim. Plaintiff is directed to amend his Complaint to clarify that this is the basis for his unlawful search claim.

Fourth, Plaintiff asserts that "[i]ncreased factual background is likely achievable during discovery." Pl.'s Obj. at 14. That discovery may lead to additional facts does not relieve Plaintiff of his obligation to plead legally cognizable claims.

Case No.: 5:20-cv-01211-EJD
ORDER ADOPTING MAGISTRATE JUDGE'S ORDER
3

1 In sum, Judge Cousin's Order is adopted in full. Plaintiff's objections are overruled. The
2 deadline to file an amended complaint is extended from March 31, 2020 to April 30, 2020.
3 **IT IS SO ORDERED.**
4 Dated: March 26, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01211-EJD
ORDER ADOPTING MAGISTRATE JUDGE'S ORDER
4