UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HARLAN DEAN GRAVES,

    Plaintiff,

v.

FORBES SECURITY, INC., et al.,

    Defendants.

Case No.  5:20-cv-01211-EJD

**ORDER DISMISSING ACTION**

Plaintiff Harlan Graves filed this civil rights action against Defendants City of Palo Alto ("the City"), Forbes Security, Inc. ("Forbes"), and Palo Alto Town and Country Village Inc. ("Town and Country Village") asserting the following claims: (1) assault and battery against Forbes; (2) premises liability against Town and Country Village; and (3) violation of his Fourth Amendment rights against unreasonable search and seizure under 42 U.S.C. § 1983 against the City. Dkt. No. 17. The City and Forbes have appeared and responded to the complaint. Dkt. Nos. 31, 32. Town and Country Village has not appeared or otherwise defended this action. On September 24, 2021, Graves and the City stipulated to dismissing the City. Dkt. No. 38.

Because the only claim supplying this Court with subject matter jurisdiction over the action was Graves's § 1983 claim against the City, dismissal of the City divested the Court of subject matter jurisdiction. 28 U.S.C. § 1331. Graves and Forbes agree that the Court lacks subject matter jurisdiction, and Forbes asks that the Court dismiss the action. Dkt. No. 41 at 2.

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: cases involving diversity of citizenship or a federal question, or

those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Any party may raise the defense of lack of subject matter jurisdiction at any time. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). The plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

The parties do not dispute that the Court lacks subject matter jurisdiction over this action. Dkt. No. 41 at 2. Graves's remaining state law claims are before this Court pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Such jurisdiction is discretionary, *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), and Forbes essentially requests that the Court decline supplemental jurisdiction. *See* Dkt. No. 41 at 2.

District courts "may decline to exercise supplemental jurisdiction" where they have "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As the Supreme Court and the Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri*, 114 F.3d at 1001 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (alterations omitted)). There is nothing before the Court suggesting that this is anything other than the "usual case." As the Court has not considered the merits of Graves's state law claims, there is no judicial economy interest in retaining the case.

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Graves's remaining state law claims, which are DISMISSED without prejudice. Graves may seek to re-assert his claims against Forbes and Town and Country Village in state court.

Case No.: 5:20-cv-01211-EJD
ORDER DISMISSING ACTION

2

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 12, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01211-EJD
ORDER DISMISSING ACTION

3